**IT IS ORDERED as set forth below:**

**Date: March 31, 2020**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br> ELLERY MYRON STEED, <br>      Debtor. | CASE NO. 18-69488-JWC <br> CHAPTER 13 |
| ELLERY STEED, <br>      Plaintiff, <br> v. <br> GSRAN-Z, LLC, and INVESTA SERVICES, LLC, and FULTON COUNTY TAX COMMISSIONER, <br>      Defendants. | ADVERSARY PROCEEDING <br> NO. 19-05304-JWC |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the

(1) Joint Motion to Dismiss (Doc. No. 19) filed by Defendants Investa Services, LLC ("Investa") and GSRAN-Z, LLC ("GSRAN-Z");

(2) Pre-Answer Motion to Dismiss filed by Defendant Fulton County Tax Commissioner ("Tax Commissioner" and together with Investa and GSRAN-Z, "Defendants") (Doc. No. 20) (together with the Joint Motion to Dismiss, the "Motions to Dismiss");

1

(3) Plaintiff's Cross-Motions for Declaratory Judgment and Judgment on the Pleadings (Doc. Nos. 9 and 21) (the "Cross-Motion");

(4) Plaintiff's Motion for Withdrawal of Claim Based Upon Avoidance of Transfer (the "Motion to Withdraw") (Doc. No. 22); and

(5) Plaintiff's Request for Oral Hearing (Doc. No. 10) (the "Oral Argument Request").

Plaintiff Ellery Steed ("Plaintiff" or "Debtor") filed the above-captioned adversary proceeding on September 16, 2019 by filing a complaint (Doc. No. 1). Plaintiff filed an amended complaint on October 17, 2019 (Doc. No. 8) (the "Complaint"). Plaintiff alleges that the Tax Commissioner violated the automatic stay by filing writs of *fieri facias* ("fi. fa.") post-petition on taxes assessed prepetition against Debtor's real property. Plaintiff seeks damages for the alleged violations of the automatic stay and a determination that the liens are void as violations of the automatic stay. Plaintiff also asserts claims for negligence in the intentional filing of a false proof of claim, civil conspiracy, objections to proofs of claim, and declaratory relief. The Complaint also asserts claims for lien avoidance pursuant to 11 U.S.C. § 544.[1] Plaintiff's Motion to Withdraw, however, seeks dismissal of any claims for lien avoidance following the dismissal of Plaintiff's underlying bankruptcy case. *See* Doc. No. 22. Debtor filed a voluntary dismissal of his underlying bankruptcy case on December 5, 2019, which the Court granted on December 6, 2019 (Doc. No. 81 in the bankruptcy case). Debtor correctly observes that any claims for lien avoidance under § 544 are mooted by the dismissal, and on that basis his Motion to Withdraw will be granted.

All of Plaintiff's remaining claims arise from and depend on this Court finding violations of the automatic stay. Debtor asserts that claims for violations of the automatic stay are not mooted by the dismissal, which Defendants have not disputed. The Court finds it has jurisdiction over the claims for violations of the automatic stay pursuant to 28 U.S.C. § 1334, that such claims are core

---

[1] All statutory references herein are to Title 11 of the United States Code (the "Bankruptcy Code") unless specified otherwise.

proceedings pursuant to 28 U.S.C. § 157, and that it is appropriate to retain jurisdiction in this adversary proceeding to resolve those claims. *See In re Healthcare Real Estate Ptr's., LLC v. Summit Healthcare Reit, Inc. (In re Healthcare Real Estate Ptr's., LLC )*, 941 F.3d 64 (3d. Cir. 2019); *Johnson v. Smith (In re Smith)*, 575 F.3d 1079, 1083 (10th Cir. 2009); and *Davis v. Courington (In re Davis)*, 177 B.R. 907, 911 (9th Cir. B.A.P. 1997).

Plaintiff requests oral argument on the pending motions but offers no reasons why oral argument is necessary or would be beneficial. The Court does not believe oral argument would assist it in resolving the motions and will deny the request.

Plaintiff's remaining claims boil down to a single threshold issue: does the post-petition filing of a fi. fa. on prepetition property taxes violate the automatic stay? While neither party focuses on this precise issue in their briefs,[2] the Court finds no stay violation because filing each fi. fa. did not "create, perfect, or enforce" any lien on the property. As a previous decision in this district held on this exact issue,

> [t]he City's lien for ad valorem taxes was perfected and superior to all other liens before the fi. fa. was recorded. O.C.G.A. § 48–2–56(a) and (d); *Tuggle v. IRS,* 30 B.R. 718 (Bankr.N.D.Ga.1983). The recording of the writs was a redundant act designed to provide record notice of the tax liens but according the City no better lien status than it had before the writs were recorded. Therefore, because the postpetition recording of the writs of fi. fa. did not act to create, perfect or enforce the City's lien, the City's actions did not violate the automatic stay.

---

[2] Defendants argue that the post-petition "perfection" of the tax liens at issue was not a violation of the automatic stay, relying primarily on the exception to the automatic stay found at § 362(b)(18) in their briefs. As the Court discusses herein, Defendants and Plaintiff miss the mark by casting each fi. fa. as an act to perfect the liens. In any event, the exception under § 362(b)(18) does not apply in this case. Section 362(b)(18) creates an exception to the automatic stay for "creation or perfection of a statutory lien for an ad valorem property tax…imposed by a governmental unit, if such tax or assessment *comes due after the date of the filing of the petition*." 11 U.S.C. § 362(b)(18) (emphasis added). It is undisputed that the taxes at issue were assessed and came due prior to the filing of the petition, and the taxes and liens do not fall under the plain language of the exception. Defendants cite to a lone case from New Hampshire for the proposition that § 362(b)(18) applies to prepetition taxes as well as post-petition taxes. *See Gaff v. Town of Pembroke (In re Doolan)*, 447 B.R. 51 (Bankr. N.H. 2011). The Court declines to apply the statute in a manner so plainly contrary to its language.

3

*In re McTyre Grading & Pipe, Inc.,* 180 B.R. 308, 309 (Bankr. N.D. Ga. 1995). The Court agrees that filing each fi. fa. was a redundant act that gave the Tax Commissioner no better rights in the property than it had as of the petition date.[3] Therefore no stay violation occurred when the Tax Commissioner issued and recorded each fi. fa.

Plaintiff argues that unrecorded tax liens are subject to the rights of a bona fide purchaser under Georgia law and therefore are avoidable by a bankruptcy trustee. Because each fi. fa. remained subject to avoidance, Plaintiff argues, recording each fi. fa. was an act to perfect the liens as to a bona fide purchaser and therefore violated the automatic stay. Plaintiff relies on *Matter of Fulton Air Service*, 254 Ga. 649, 333 S.E.2d 581 (1985), to support his position. In that case, the Georgia Supreme Court, in answering a question certified to it by the U.S. Court of Appeals for the Eleventh Circuit, held that "a trustee in bankruptcy, as a bona fide purchaser under 11 U.S.C.A. § 544(a)(3), may avoid the State's unrecorded tax liens for *sales and use taxes and withholding taxes*." 254 Ga. at 650, 333 S.E.2d at 583 (emphasis added). The holding in *Fulton Air* is limited to sales and use taxes and withholding taxes, and Georgia law does not support an extension of *Fulton Air* to liens arising from *ad valorem* taxes assessed on real property.

The question presented here is whether *ad valorem* taxes are subject to the rights of an innocent or bona fide purchaser under Georgia law? If not, no stay violation occurred, and all of Plaintiff's remaining claims for relief fail.

To qualify as a bona fide purchaser for value without notice in Georgia, a party must have neither actual nor constructive notice of the matter at issue. *Virginia Highland Civic Ass'n, Inc. v. Paces Properties, Inc.*, 550 S.E.2d 128, 130 (2001). It may make sense that a purchaser of real

---

[3] Under Georgia law, "[l]iens for any ad valorem taxes shall cover the property of taxpayers liable to tax from the time fixed by law for valuation of the property in each year until such taxes are paid." O.C.G.A. § 48–2–56(d)(1); *see also Denise v. Paxon*, 261 Ga. 846 (1992) ("ad valorem taxes are a lien on the property from the time of assessment") (citing *Decatur County B. & L. Assoc. v. Thigpen,* 173 Ga. 363(2), 160 S.E. 387 (1931)). There is no dispute in this case that the property was valued and the taxes were assessed, due, and owing as of the petition date. Thus, the liens at issue had attached to the property as of the petition date.

4

property generally is not on notice of an unrecorded tax lien for unpaid sales and use taxes, withholding taxes, or other taxes not assessed on the specific property being purchased. Otherwise, a purchaser would have to ensure that every conceivable tax a seller might owe is paid in full as of the purchase date, lest the property be encumbered by an unrecorded tax lien. The logic breaks down, however, for liens arising from a tax assessed on the property itself, such as *ad valorem* taxes. *See Denise v. Paxson*, 261 Ga. 846, 847 (1992) ("It is appropriate . . . to draw a distinction between taxes which themselves constitute a lien on property and taxes on which a lien may be based."). As the Georgia Supreme Court stated almost 140 years ago, "[t]he burden of taxes upon property comes with each succeeding year; of this important fact all persons must take due notice." *Verdery v. Dotterer*, 69 Ga. 194, 199 (1882). Georgia courts further recognize that *ad valorem* property taxes are enforceable against subsequent purchasers. *See Fulton County Bd. of Assessors v. Calliope Properties, LLC*, 727 S.E.2d 198, 200 (Ga. Ct. App. 2012) ("tax commissioner …retains a lien upon the property which is enforceable against the subsequent purchaser of the property" (citing *Mulligan v. Sec. Bank of Bibb Cty.*, 633 S.E.2d 629, 631 (Ga. Ct. App. 2006))). In short, purchasers of real property in Georgia are always on notice that real property is taxed yearly, and the taxes follow the property. Nothing cited by Plaintiff or found by the Court suggests that liens arising from *ad valorem* taxes are subject to avoidance by a bona fide purchaser.

If Plaintiff's position were correct, then purchasers of real property and bankruptcy trustees could routinely avoid property tax liens because a fi. fa. cannot be recorded until at least 30 days after the taxes are due and owing. O.C.G.A. § 48-3-3(b).[4] Yet Plaintiff does not cite, and the

---

[4] Plaintiff's position would create an anomaly in bankruptcy cases in which *ad valorem* taxes are owed under Georgia law. In all cases filed before the relevant due date for *ad valorem* taxes, filing a post-petition fi. fa. would fall under the exception in § 362(b)(18) (which itself was enacted to overrule an older line of cases that post-petition assessments of property taxes violated the stay). For cases filed after the due date, however, property taxes would be avoidable so long as no fi. fa. had been filed before the petition date. Because tax authorities cannot file a fi. fa. until at least 30 days after the due date, each year would contain no less than a 30-day period during which *ad valorem* taxes would be due and owing but no fi. fa. could be filed (and that assumes that tax authorities file every fi. fa. on the 31st day after the due date, which they are not obligated to do under O.C.G.A. § 48-3-3(b)). Under Plaintiff's theory, all *ad valorem* taxes could be avoided in cases filed during this 30-day (or longer) period.

Court's own research has not found, a single case under Georgia law in which a bona fide purchaser or bankruptcy trustee avoided a lien for property taxes assessed before a sale or petition date because a fi. fa. was not recorded prior to the sale or petition date. Extending the holding of *Fulton Air* to the *ad valorem* taxes assessed on the specific property at issue here would dramatically alter the effectiveness of property taxes in Georgia. This Court declines to do so.

Following the dismissal of Plaintiff's claims for avoidance under § 544, all of Plaintiff's remaining claims in the Complaint are dependent upon his position that recording each fi. fa. was a violation of the automatic stay. Because the Court rules no stay violation occurred, all remaining claims in the Complaint will be dismissed.

Accordingly, it is

**ORDERED** that Plaintiff's Motion to Withdraw is **GRANTED**; and it is

**FURTHER ORDERED** that the Motions to Dismiss are **GRANTED** and all remaining claims asserted in the Complaint are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion and Oral Argument Request are hereby **DENIED**.

The Clerk is directed to serve this order on the Plaintiff, Defendants and their counsel, and the chapter 13 trustee.

END OF DOCUMENT